UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JANITO DECARVALHO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action |
| v. | ) | No. 20-11036-PBS |
| | ) | |
| STEVEN SOUZA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

**June 29, 2020**

Saris, D.J.

**INTRODUCTION**

Petitioner Janito Decarvalho brings this habeas petition seeking relief pursuant to the Court's declaratory judgment in Reid v. Donelan, 390 F. Supp. 3d 201 (D. Mass. 2019) ("Reid"). Petitioner argues that his mandatory detention under 8 U.S.C. § 1226(c) has become unreasonably prolonged and that he is entitled to a bond hearing before an immigration judge.

Respondent has moved to dismiss the petition for failure to state a claim for which relief may be granted. (Docket No. 9).

For the reasons stated below, the Court hereby **GRANTS** the Respondent's motion to dismiss (Docket No. 9) and **DENIES** without prejudice Decarvalho's petition (Docket No. 1).

1

**LEGAL STANDARDS**

Under 8 U.S.C. § 1226(c), the Government "shall take into custody" any noncitizen who is inadmissible or deportable based on a conviction for "certain crimes of moral turpitude, controlled substance offenses, aggravated felonies, firearm offenses, or acts associated with terrorism." Reid, 390 F. Supp. 3d at 213 (quoting 8 U.S.C. § 1226(c)(1); Gordon v. Lynch, 842 F.3d 66, 67 n.1 (1st Cir. 2016)). The statute does not allow for conditional release on bond, except in the limited circumstance of witness protection. See 8 U.S.C. § 1226(c)(2).

Nonetheless, "mandatory detention under § 1226(c) without a bond hearing violates due process when an alien's individual circumstances render the detention unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

In Reid v. Donelan, this Court certified a class of "[a]ll individuals who are or will be detained within the Commonwealth of Massachusetts or the State of New Hampshire pursuant to 8 U.S.C. § 1226(c) for over six months and have not been afforded an individualized bond or reasonableness hearing." No. 13-30125-PBS, 2018 WL 5269992, at *8 (D. Mass. Oct. 23, 2018). Pursuant to this Court's subsequent declaratory judgment, any member of the Reid class may "bring a habeas petition in federal court to

2

challenge his detention as unreasonably prolonged." Reid, 390 F.
Supp. 3d at 227.

The reasonableness of a petitioner's continued detention
without a bond hearing under § 1226(c) must be analyzed on a
case-by-case basis. See id. at 219. The following nonexclusive
factors are relevant in determining the reasonableness of
continued mandatory detention:

> [T]he total length of the detention; the foreseeability of
> proceedings concluding in the near future (or the likely
> duration of future detention); the period of the detention
> compared to the criminal sentence; the promptness (or
> delay) of the immigration authorities or the detainee; and
> the likelihood that the proceedings will culminate in a
> final removal order.

Id. (citation omitted).

Of these factors, the length of the petitioner's detention
is "the most important." Id. Mandatory detention is "likely to
be unreasonable if it lasts for more than one year during
removal proceedings before the agency, excluding any delays due
to the alien's dilatory tactics." Id. Detention of less than one
year may be unreasonable "if the Government unreasonably delays
or the case languishes on a docket." Id. at 220.

If a petitioner's mandatory detention has been unreasonably
prolonged, the petitioner "is entitled to a bond hearing before
an immigration judge." Id. At that hearing,

> [T]he Government [must] prove that the alien is either
> dangerous by clear and convincing evidence or a risk of
> flight by a preponderance of the evidence. The immigration

3

court may not impose excessive bail, must evaluate the
alien's ability to pay in setting bond, and must consider
alternative conditions of release such as GPS monitoring
that reasonably assure the safety of the community and the
alien's future appearances.

Id. at 228.

**FACTS**

I.   **Legal Status and Criminal History**

Petitioner is a citizen of Cape Verde. He entered the
United States in 2004 with a B1/B2 visitor nonimmigrant visa. In
2012, his status was adjusted to that of a conditional permanent
resident.

In February 2011, Petitioner was charged with violating an
abuse prevention order and breaking and entering, and the
charges were dismissed. In December 2012, Petitioner was charged
with possession of a firearm and the charge was subsequently
dismissed.  In June 2015, Petitioner was acquitted of two counts
of possession of a firearm, possession of a Class B substance,
and a third gun related charge following a jury trial.  In
November 2015, Petitioner was convicted of possession with
intent to distribute Oxycodone, possession of a controlled
substance, two counts of possession of a firearm/ammunition
without an FID card, and possession of cocaine following a jury
trial.  He received a 1-year prison sentence for the controlled
substance violation and the two firearm charges and a 3.5 – 4
year prison sentence for the possession with intent to

distribute Oxycodone offense.  Petition was placed on probation
2 years from and after his prison sentence for the possession of
cocaine charge.

## II.   Immigration Detention and Proceedings

Petitioner has been held in immigration detention since his
arrest by ICE on November 4, 2019.  He is currently detained at
the Bristol County House of Corrections.

On November 20, 2019, Petitioner appeared for his first
hearing before the Boston Immigration Court and was granted a
continuance in order to complete an application for available
relief and gather evidence.

At a hearing before the immigration judge ("IJ") on
December 4, 2019, Petitioner filed his application for relief
and protection from removal. The IJ found that Petitioner was
subject to mandatory detention and that the IJ lacked
jurisdiction to redetermine bond.  Petitioner reserved appeal on
the bond decision.

The IJ held a final removal hearing on January 2, 2020.
Petitioner's claims for relief were denied and Petitioner was
ordered removed from the United States.

Petitioner filed an appeal with the Board of Immigration
Appeals ("BIA") on January 7, 2020, challenging the IJ's finding
that Petitioner is subject to mandatory detention.  Petitioner
filed an untimely brief in support of his appeal, which the BIA

rejected on April 9, 2020. Petitioner's bond appeal remains pending.

On January 27, 2020, Petitioner filed a second notice of appeal with the BIA, challenging the IJ's removal order and denial of relief. On May 9, 2020, Petitioner filed a brief, albeit untimely, in support of his appeal.

On June 5, 2020, ICE filed a motion to expedite and also filed an opposition to consideration of Petitioner's late-filed brief. Petitioner's appeal remains pending.

## DISCUSSION

Petitioner argues he is entitled to a bond hearing before an immigration judge because his mandatory detention is "unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

### I. Length of Detention

The length of a petitioner's mandatory detention is "the most important factor" in determining its reasonableness. Id. Detention of over a year is "likely to be unreasonable," but "[p]eriods of detention directly attributable to an alien's dilatory tactics should not count in determining whether detention has exceeded the one-year mark." Id. at 219-20.

Here, Petitioner has been detained since November 4, 2019 or almost eight months. Although he has not engaged in dilatory

tactics, his detention falls below the one-year mark and is not yet presumptively unreasonable.

## II.  **Other Relevant Factors**

In assessing the reasonableness of Petitioner's mandatory detention, the Court also considers "[1] the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); [2] the period of the detention compared to the criminal sentence; . . . and [3] the likelihood that the proceedings will culminate in a final removal order." Reid, 390 F. Supp. 3d at 219 (numbering added). Detention under a year may also be unreasonable "if the Government unreasonably delays or the case languishes on a docket." Id. at 220.

The Reid factors weigh against a finding of unreasonableness at this time. Petitioner's appeal is at an advanced stage, with briefing submitted. In addition, the IJ denied Petitioner's application for relief, which is the best guide available to this Court regarding the likelihood that Petitioner's proceedings will culminate in a final removal order.  Moreover, the Government has not unreasonably delayed Petitioner's proceedings, nor has his case languished on a docket.

## **ORDER**

Petitioner's mandatory detention under 8 U.S.C. § 1226(c) has not been unreasonably prolonged and Petitioner therefore is

not entitled to a bond hearing before an immigration judge at this time.  Accordingly, Respondent's motion to dismiss (Docket No. 9) is **GRANTED** and Decarvalho's petition for a writ of habeas corpus (Docket No. 1) is **DENIED** without prejudice.


SO ORDERED.


/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge